UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRAYON JEROME WILLIAMS., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-CV-84-JSD |
| ) | |
| FRANK BISIGNANO, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its review of the record. On November 4 2024, pro se Plaintiff Brayon Jerome Williams filed his Complaint for Judicial Review of Decision of the Commissioner of Social Security. ("Original Complaint"; ECF No. 1) On March 4, 2025, Defendant filed his Motion to Dismiss (ECF No. 12), indicating that this appeal must be dismissed because Plaintiff has not exhausted his administrative remedies to obtain a final decision. *See* 42 U.S.C. § 405(g). On or around March 18, 2025, Plaintiff filed his "Reply to Attorney Generals Office Suggestions in Support of Commissioner's Motion to Dismiss" [sic] (ECF No. 13). On May 23, 2025, Plaintiff filed a "Civil Complaint" (ECF No. 19), purporting to allege a claim under "18 USC Chapter 96 Part I",[2] claiming "misappropriation of funds put in the trust of the SSA for [disbursement] [to] properly qualified citizens[.]" (ECF No. 19 at 3) Given that Plaintiff has an Original Complaint (ECF No. 1) on file, the Court construes Plaintiff's "Civil Complaint" (ECF No. 19) as an attempt to file an amended complaint.

---

[1] Frank Bisignano is now the Commissioner of Social Security. He is automatically substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d).
[2] The Court believes that Plaintiff is referencing 18 U.S.C. §§ 1961, *et al.*, Racketeer Influenced and Corrupt Organizations.

The Court finds that Plaintiff has not followed the requirements for filing an amended pleading under this Court's local rules. *See* E.D.Mo. L.R. 4.07 ("A proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed. All new material in the amended pleading must be underlined and all material being removed must be struck through."); *cf.* "Civil Complaint" (ECF No. 19). Moreover, Plaintiff's "Civil Complaint" is untimely and she has not been granted leave to file the amended pleading. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than: (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). As a result, the Court strikes Plaintiff's "Civil Complaint" because it was untimely and she did not properly seek leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Civil Complaint (ECF No. 19) is **STRICKEN** from the record. Defendant's Motion to Dismiss (ECF No. 12) remains pending.

**IT IS FURTHER ORDERED** that the Clerk shall reflect on the docket that Frank Bisignano, Commissioner of Social Security, is the proper defendant pursuant to Fed. R. Civ. P. 25(d).

                                                                                    _____
                                                                                    JOSEPH S. DUEKER
                                                                                    UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of June, 2025.